**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Nicholas Terzi,<br><br>                              Plaintiff,<br><br>                    -v-<br><br>William Mosquera, WM International Services,<br><br>                              Defendants. | 2:26-cv-02946<br>(NJC) (ST) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On January 22, 2026, this Court remanded this action to Suffolk County Supreme Court

for lack of subject matter jurisdiction. (*See Terzi v. Mosquera et al*, 2:25-cv-05781 (E.D.N.Y.)

(the "Prior Action"), ECF No. 20.) On May 18, 2026, Defendants removed this action to federal

court for a second time. (ECF No. 1.)

Before this Court is a motion for remand by Plaintiff Nicholas Terzi, which was timely

filed on May 29, 2026. Mot., ECF No. 9; *see also* 28 U.S.C. § 1447(b). Terzi seeks remand on

procedural and jurisdictional grounds. (*See id*.) Defendants William Mosquera and WM

International Services ("Defendants") opposed the motion on June 2, 2026. (Opp'n, ECF No.

11.)

The Court has reviewed the Notice of Removal and supplemental exhibits, including

Terzi's Response to Demand Pursuant to New York C.P.L.R. § 3017(c) ("Section 3017(c)"), the

underlying Complaint, the Police Accident Report, and the parties' briefing on the motion for

remand. (ECF Nos. 1, 9, 11.) At this stage of the litigation, Defendants have established that

removal was timely and that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Therefore, Terzi's motion for remand is denied.

## LEGAL STANDARDS

### I.    Removal Requirements

Removal of a state court case to federal court is governed by 28 U.S.C. § 1441(a), which provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Further, 28 U.S.C. § 1446 governs the procedure for removal and requires that a notice of removal "shall be filed within 30 days after receipt by the defendant . . . of a copy of the initial pleading . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a)-(b)(1); *BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230, 238 (2021) ("To remove a case, a defendant must comply with 28 U.S.C. § 1446."). 28 U.S.C. § 1446 provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

### II.    Subject Matter Jurisdiction

This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a

2

district court lacks subject matter jurisdiction, it must dismiss the action. *See Doe v. McDonald*, 128 F.4th 379, 384 (2d Cir. 2025); Fed. R. Civ. P. 12(h)(3). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019) (quotation marks omitted).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceeds $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020). In determining the citizenship of a party, the following standards apply.

"[T]he citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). The requirement to establish the citizenship of a limited liability company ("LLC") by identifying all individual members of the LLC and demonstrating the citizenship of each member is "scrupulous[ly] enforce[d]." *Platinum-Montaur*, 943 F.3d at 618–19. Indeed, the Second Circuit has acknowledged that this requirement "may make it more difficult" for LLCs "to sue or to be sued in federal court under diversity jurisdiction." *Id.* at 619. But "that is the way Congress wants it" and it "is not up to the courts to amend the statute to increase the reach of federal jurisdiction." *Kenshoo, Inc. v. Aragon Advert., LLC*, 586 F. Supp. 3d 177, 181 (E.D.N.Y. 2022). Therefore, in order to establish diversity jurisdiction, the party invoking jurisdiction "must identify each member of the LLC and properly plead each member's citizenship." *Id.* at 180; *see also Beristain v. 103 Ditmas LLC*, No. 25-cv-727, 2025 WL 524660, at *1 (E.D.N.Y. Feb. 18,

3

2025) (holding that this requirement is not excused by the fact that most "[p]ublic filings for LLCs generally do not disclose" who their members are).

Additionally, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). Allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.* at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) (summary order) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). In order to determine an individual's domicile, courts consider numerous factors, which include:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

The second requirement of diversity jurisdiction—an amount in controversy of at least $75,000—is equally important. "[A] plaintiff invoking federal [diversity] jurisdiction must demonstrate a 'reasonable probability' that the amount-in-controversy requirement is satisfied." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (citation omitted). The

4

Second Circuit "recognize[s] a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* The amount in controversy alleged must be plausible, *i.e.*, supported by factual allegations in the complaint. *Wood v. Maguire Auto., LLC*, 508 F. App'x 65, 65 (2d Cir. 2013) (affirming dismissal of complaint for lack of subject matter jurisdiction where the complaint's allegation "of $75,000 in controversy is conclusory and not entitled to a presumption of truth"). "[I]f the jurisdictional amount is not clearly alleged in the . . . complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 273–74 (2d Cir. 1994).

"A defendant removing a personal injury or wrongful death action from New York state court, moreover, need not guess at the amount in controversy; New York state law provides a mechanism for establishing exactly that." *Minaudo v. Sunrise at Sheepshead Bay*, No. 22-cv-2579, 2023 WL 110359, at *2 (E.D.N.Y. Jan. 5, 2023). "While the complaint in such an action 'shall not state the amount of damages' sought, a defendant 'may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled' . . . . Should the plaintiff fail to serve that demand 'within fifteen days,' the state court 'may order that it be served.'" *Id*. (citing N.Y. C.P.L.R. 3017(c)).

"[S]ettlement demands generally are not reliable indicators of the amount in controversy . . . Indeed, 'settlement offers can often be wildly unrealistic and constitute mere puffery or posturing rather than a fair or realistic appraisal of a party's damages.'" *Elzoghary v. Zelaya-Monge*, No. 23-cv-5353, 2023 WL 6121800, at *2 (E.D.N.Y. Sept. 19, 2023) (internal citations omitted). "[While] some courts have considered settlement demands in determining the amount

5

in controversy, they have done so with caution, warning that [a] settlement demand does not conclusively resolve the ambiguity regarding the amount in controversy." *Id*. (internal quotation marks omitted.) "As such, courts considering settlement demands made prior to removal have viewed such offers as only one factor to consider in assessing the amount in controversy, explaining that courts must consider the context in which such a settlement demand was made." *Id*. (internal quotation marks omitted).

## DISCUSSION

As set forth in the Court's December 12, 2025 Order to Show Cause in the Prior Action, Defendants have shown that there is complete diversity of citizenship between the parties. (2:25-cv-05781, ECF No. 14.) This Court remanded the Prior Action because Defendants failed to show cause that the amount in controversy exceeded $75,000 at the time of removal on October 15, 2025. (*Id*., ECF No. 20.) The Order stated in part:

> Defendants' sole basis for establishing the amount in controversy is a written settlement demand by Plaintiff's counsel, dated December 1, 2025, for $425,000. (Williams Aff. ¶ 5.) However, Defendants removed this action on October 15, 2025. (See ECF No. 1.) The basis for removing an action to federal court must be evident at the time of removal. *See Chang*, 2025 WL 2356421, at *3. Accordingly, this Court did not have subject matter jurisdiction over this matter at the time of removal on October 15, 2025.

(*Id*. at 5.) The Court also noted Defendants' failure to provide Terzi's response to their supplemental demand for damages pursuant to N.Y. C.P.L.R. § 3017(c) in response to the Court's Order to Show Cause. (*Id*. at 6.) In fact, Defendants asserted that they had received no such response prior to removing the Prior Action. (2:25-cv-05781, ECF No. 16-1 ¶ 6.)

In removing the present action to this Court, Defendants attached to the Notice of Removal Terzi's response to Defendant's request under Section 3017(c) for a supplemental demand setting forth the total damages to which Terzi deems himself entitled. ("Section 3017(c)

6

Response," ECF No. 1-5.) The Section 3017(c) Response indicates that Terzi seeks an estimated $1,827.860.88 in damages as follows:

- Past Medical Expenses: $45,301.04;

- Future Medical Expenses: $75,000.00;

- Past Lost Earnings: $7,559.84;

- Past Pain and Suffering: $950,000.00; and

- Future Pain and Suffering: $750,000.00

(ECF No. 1-4 at 5.)

## I.  Removal of this Action Was Procedurally Proper

Terzi opposes the removal of this action on the basis that "[a] Defendant may not repeatedly remove a case based upon the same jurisdictional theory after a federal court has already remanded the action." (Mot at 2.) Here, however, Defendants do not seek to remove this action on the same jurisdictional theory as they did their Prior Action. At that time they removed the Prior Action, Defendants took the position that Terzi's settlement demand for $425,000 supported the conclusion that the amount in controversy is met in this action. (25-cv-05781, ECF No. 16-1 ¶ 4.) At the time of removal of *this* action, Defendants invoke Terzi's Section 3017(c) Response, which Terzi served only *after* the Prior Action was remanded. (Not. Removal ¶ 22.) Importantly, the bar on successive removal petitions does not apply when a party is able to demonstrate changed circumstances. *See Ortiz v. City of New York,* 2013 WL 2413724, at *2 (S.D.N.Y. 2013) ("[F]ederal courts have adhered to a general rule that, absent an intervening change in the underlying factual circumstances, a second removal by the same party on the same ground is impermissible . . . ."); *see also Fouad v. Milton Hershey Sch. and Sch. Tr.,* 523

7

F.Supp.3d 648, 654 (S.D.N.Y. 2021) (concluding that that "[Section] 1447(d)'s bar on reviewability applies to Defendants' successive removal on the same grounds.").

Terzi also opposes this action on the basis that it is untimely under 28 U.S.C. § 1446(b). Terzi's Section 3017(c) Response is dated April 19, 2026. (ECF No. 1-5.) Defendants removed this action on May 18, 2026. (Not. Removal.) As explained further below, this Section 3017(c) Response is the first "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). This action was not removable prior to receipt of this Section 3017(c) Response, as explained in this Court's prior Remand Order. (25-cv-05781, ECF No. 20.) Therefore, Defendants timely removed this case within 30 days of receipt of the Section 3017(c) Response, which was the first paper from which it could be ascertained that the action was removable by virtue of the amount in controversy.

## II.    There is a "Reasonable Probability" That the Amount-in-Controversy Requirement is Satisfied

Terzi's Section 3017(c) Response viewed in conjunction with the underlying Complaint, demonstrates that there is a "reasonable probability" that the amount in controversy exceeds $75,000. *Pyskaty*, 856 F.3d at 223. The Section 3017(c) Response provides a specific breakdown of Terzi's alleged damages, including the estimated amount of past and future medical expenses, past lost earnings, and past and future pain and suffering. (*See* ECF No. 1-5.) Additionally, Terzi alleges in the Complaint that he "sustained severe and permanent personal injuries" relating to a motor vehicle accident involving two heavy-duty commercial trucks. (Compl. ¶¶ 22–30, ECF No. 1; Police Accident Report, ECF No. 1-4.) Together with Terzi's breakdown of alleged damages, these allegations are sufficient to make the requisite showing that there is a "reasonable probability" that the amount in controversy exceeds $75,000. *Pyskaty*, 856 F.3d at 223.

**CONCLUSION**

For the reasons set forth above, Defendants have established that removal was proper and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Terzi's motion to remand this action is denied.


Dated: Central Islip, New York
      July 16, 2026

                                              */s/ Nusrat J. Choudhury*
                                              NUSRAT J. CHOUDHURY
                                              United States District Judge